UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOUISE DEMARCO,

                    Plaintiff,

    -against-

BEN KRUPINSKI, GENERAL CONTRACTOR, INC.,
and BEN KRUPINSKI, individually

                    Defendants.
-----------------------------------------------------------------x

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 0 7 2012 ★
BROOKLYN OFFICE

CV 12-0573

Plaintiff, LOUISE DEMARCO, by her attorneys, LAW OFFICE OF COSTANTINO FRAGALE, alleges for her complaint as follows:

## NATURE OF THE ACTION

1. This action is brought to remedy Plaintiff's wrongful employment termination which was motivated by Defendant's discriminatory animus based upon Plaintiff's actual and perceived disability in violation of the of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"); and New York State Human Rights Law, New York Executive Law §296, et seq. ("Executive Law").

## PRELIMINARY STATEMENT

2. Plaintiff, Ms. Louise DeMarco ("Plaintiff" or "DeMarco") is a 68 year-old female who has employed by the defendant, Ben Krupinski, General Contractor, Inc. ("BKGCI") from August 2006 to March 2011. During her tenure at BKGCI, Plaintiff worked as a receptionist and performed her job satisfactorily.

3. Prior to Plaintiff's wrongful termination, and at all times relevant herein, she

1

had performed her job satisfactorily. DeMarco was terminated by BKGCI under circumstances which raise an inference of discrimination on the basis of her actual and/or perceived disabilities, and in response to intermittent medical leave of absences. In so doing, defendants discriminated against Plaintiff in violation of Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and ("ADA") and the ADA Amendments Act of 2008; the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"); and New York State Human Rights Law, New York Executive Law §296, et seq. ("Executive Law").

4. This action seeks compensatory damages, back-pay, front-pay, punitive damages, liquidated damages, reasonable costs, attorney's fees and experts' fees for the discrimination suffered by Plaintiff as a result of defendants' actions.

## THE PARTIES AND JURISDICTION

5. Plaintiff resides in East Hampton, New York.

6. Upon information and belief, BKGCI is a domestic corporation duly organized under the laws of the State of New York with its principal office located in the County of Suffolk at 99 Newton Lane, East Hampton, New York 11937.

7. Upon information and belief, at all times relevant to this action, BKGCI employed over 50 people.

8. At all times relevant to this action, defendant, Ben Krupinski, was BKGCI's President, and denied Plaintiff's request for certain accommodations and terminated Plaintiff's employment on or about March 25, 2011.

9. Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a)(4). Federal jurisdiction arises under the laws of the United States,

namely, the ADA and the FMLA. The Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. Section 1367.

10. Defendants' willful refusal to provide Plaintiff reasonable accommodations and their decision to terminate Plaintiff's employment were executed in East Hampton, New York. Consequently, all of the discriminatory acts complained of herein occurred within the State of New York, and in this judicial district in particular.

## FACTS

11. Plaintiff was employed at BKGCI as a receptionist from August 2006 to March 2011.

12. At all times relevant to this action, Plaintiff performed her job competently and satisfactorily.

13. In or about October 2010, Plaintiff was diagnosed with Uterine Papillary Serous Carcinoma, a rare aggressive form of uterine cancer, and soon after she informed Respondent's Office Manager, Christine Hupalowski ("Hupalowski") and Ben Krupinski ("Krupinski") of her condition.

14. On or about November 8, 2010, Plaintiff underwent a radical hysterectomy as part of her cancer treatment.

15. Following her radical hysterectomy, Plaintiff began a grueling treatment plan consisting of eighteen (18) chemotherapy treatments followed by radiation treatments which began in July 2011.

16. Plaintiff informed both Hupalowski and Krupinski that she would need to take days off from work to attend these chemotherapy treatment appointments.

3

17. On or about March 21, 2011, Plaintiff telephoned Hupalowski to inform her that she was feeling nauseated and weak as a result of a virus that Plaintiff had contracted, and advised that she needed some time off from work.

18. Plaintiff also informed Hupalowski that she was contemplating filing for disability if her condition did not improve, and she replied that "Ben would give you whatever written documentation you need to help you file for a disability."

19. Plaintiff requested from Hupalowski a work schedule accommodation, namely, that Plaintiff needed temporarily one or two days off per week to complete her remaining nine chemotherapy treatments.

20. On or about March 25, 2011, Plaintiff visited her oncologist to receive a neupogen shot (one of five weekly shots), a drug which stimulates the production of white blood cells and change her anti-nausea medication.

21. Later that day, Plaintiff telephoned and informed Hupalowski that she was feeling better because of the new medical treatment, and that she intended to return to work on Monday, March 28, 2011.

22. During this conversation, Hupalowski informed Plaintiff that her employment had been terminated and that, "Ben had moved on" and "he didn't like that [DeMarco] had to take off one day a week for chemotherapy."

23. Plaintiff requested to speak to Krupinski to ask him to reconsider terminating her employment, but Hupalowski advised Plaintiff that "he was finished with you [Plaintiff]".

24. Hupalowski subsequently telephoned Plaintiff on March 26, 2011, and informed her that Krupinski would not reconsider reinstating Plaintiff's employment because he "had

4

already put an ad in the classifieds and had two possible candidates."

25. In July 2011, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and on January 11, 2012, the EEOC issued a notice of right to sue. This complaint was filed within 90 days of Plaintiff's receipt of said notice.

## FIRST CAUSE OF ACTION: AGAINST DEFENDANT BKGCI IN VIOLATION OF THE ADA

26. Plaintiff repeats and realleges paragraphs 1 through 25, above.

27. At all times relevant hereto, Plaintiff suffered from Uterine Papillary Serous Carcinoma.

28. Plaintiff's condition, is an impairment that substantially limits a major life activity – the operation of a major bodily function. Namely, the normal cell growth in her uterus. Furthermore, defendant regarded plaintiff as unable to work as a result of this condition.

29. At all times relevant to this action, Plaintiff advised defendants that she had a disability and needed reasonable accommodations.

30. At all times relevant to this action, Plaintiff was able to perform the essential functions of her work duties with reasonable accommodations.

31. At all times relevant to this action defendant BKGCI refused to provide any reasonable accommodations to Plaintiff, including permitting Plaintiff to take intermittent medical leave of absences to receive her chemotherapy treatments.

32. Defendant engaged in discriminatory practices with malice and/or reckless indifference to plaintiff's federally protected civil rights.

33. Defendants discriminated against Plaintiff on the basis of her disability in violation of the ADA.

34. As a result, Plaintiff has been damaged by the acts of defendant BKGCI and is entitled to back pay, front pay, punitive damages, compensatory damages, attorney's fees, expenses, and any other equitable relief as the court deems appropriate.

## SECOND CAUSE OF ACTION: AGAINST DEFENDANTS BKGCI AND KRUPINSKI IN VIOLATION OF THE FMLA

35. Plaintiff repeats and realleges Paragraphs 1 through 34, above.

36. Pursuant to the FMLA, Plaintiff was entitled to take a medical leave of absence, or intermittent sick days, for a total of 12 weeks in order to complete her chemotherapy treatments.

37. Defendants refused to permit plaintiff to take days off from work even though they knew that such leave of absence or sick days were necessary to complete Plaintiff's chemotherapy sessions.

38. In so doing, Defendants violated the express mandates of the FMLA.

39. Plaintiff has been damaged as a result of the acts of Defendants and is entitled to statutory damages in an amount to be determined at trial, including without limitation, compensatory damages, back pay, liquidated damages, reasonable costs, attorney's fees, expenses, experts' fees, and such other relief as the Court deems appropriate.

## THIRD CAUSE OF CAUSE OF ACTION: AGAINST DEFENDANTS IN VIOLATION OF THE NYSHRL FOR DISCRIMINATION ON THE BASIS OF DISABILITY

40. Plaintiff repeats and realleges paragraphs 1 through 39, above.

41. The NYSHRL prohibits discrimination in employment on the basis of age, race, creed, color, national origin, sex, marital status or disability, and defines "disability" as follows:

> (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such impairment or (c) a condition regarded by others as such an impairment... .

N.Y. Exec. Law Section 292(21).

42. Plaintiff's condition was a physical and/or medical impairment and a disability within the meaning of N.Y. Exec. Law Section 292(21). In the alternative, plaintiff was regarded by Defendants as having a disability within the meaning of N.Y. Exec. Law Section 292(21).

43. Plaintiff was capable of performing in a reasonable manner the essential job functions at all times relevant herein with reasonable accommodations.

44. Plaintiff's disability and/or perceived disability was a motivating factor, and made a difference, in Defendants' decision to take adverse employment actions against Plaintiff including, without limitation, her employment termination.

45. Defendant Krupinski was personally involved in the adverse employment actions taken against Plaintiff by BKGCI.

46. Plaintiff has been damaged as a result the acts of defendants and is entitled to statutory damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees, experts' fees and other such relief as the Court deems appropriate.

WHEREFORE, plaintiff prays that judgment be entered:

I. On the First Cause of Action, under the ADA, awarding Plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, punitive damages, reasonable costs, attorney's fees and experts' fees;

II. On the Second Cause of Action, under the FMLA, awarding Plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay, front-pay, liquidated damages, punitive damages, reasonable costs, attorney's fees and experts' fees;

III. On the Third Cause of Action, under the NYSHRL, awarding Plaintiff damages in an amount to be determined at trial, including without limitation, compensatory damages, back-pay and front-pay, punitive damages, reasonable costs, attorney's fees, and experts' fees.

Plaintiff demands trial by jury.

Dated: Eastchester, New York
       January 30, 2012

LAW OFFICES OF COSTANTINO FRAGALE

By: _____
Costantino Fragale (CF 9480)
Attorney for Plaintiff
575 White Plains Road
Eastchester, New York 10709
(914) 337-4001

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LOUISE DEMARCO,

                                  Plaintiff

-against-

BEN KRUPINSKI, GENERAL CONTRACTOR, INC.
And BEN KRUPINSKI, Individually,

                                  Defendants.

---

COMPLAINT

---

LAW OFFICE OF COSTANTINO FRAGALE
COSTANTINO FRAGALE, ESQ.
ATTORNEY FOR PLAINTIFF
LOUISE DEMARCO
575 White Plains Road
Eastchester, New York 10709
(914) 337-4001