UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOUISE DEMARCO,

                    Plaintiff,

          -against-


BEN KRUPINSKI GENERAL CONTRACTOR, INC.,
and BEN KRUPINSKI, individually,


                 Defendants.
----------------------------------------------------------------x

12 CV 0573 (SJF) (ARL)


AFFIRMATION OF
COSTANTINO FRAGALE

       Costantino Fragale, an attorney duly admitted to practice before the United State District

Court for the Eastern District of New York, hereby affirms the truth of the following statements

upon information and belief and under the penalty of perjury:

       1.      I am the principal of the Law Office of Costantino Fragale, attorneys for the

Plaintiff, Louise Demarco, and as such I am fully familiar with all previous proceedings in the

above-captioned action.

       2.      This Affirmation is respectfully submitted in support of the Plaintiff's Motion

*In Limine* to admit at trial the New York State Department of Labor's determination that Plaintiff

was entitled to unemployment insurance benefits, unemployment related records from the New

York State Department of Labor, testimony by Plaintiff that she received unemployment benefits

and a document produced by Defendants during the course of discovery reflecting that

Defendants challenged Plaintiff's eligibility for unemployment benefits.

       3.      Annexed hereto are true and accurate copies of the following documents:

            Exhibit A.     Complaint;

Exhibit B.      New York Department of Labor Records reflecting unemployment payments to Plaintiff and summary of Plaintiff's claims;

Exhibit C.      Defendants' challenge to Plaintiff's claim for unemployment benefits alleging that Plaintiff resigned from her employment;

Exhibit D.      New York Department of Labor's Hearing Request Summary reflecting that no hearing was ever requested;

Exhibit E.      New York Department of Labor's Summary Sheet regarding Plaintiff's unemployment claim; and

Exhibit F.      Defendants' Answer.

4.      This is a wrongful employment termination action which was motivated by Defendants' discriminatory animus based on Plaintiff's actual and/or perceived disability. Namely, Defendants' refused to reasonably accommodate Plaintiff in that they failed to accord a modified work schedule to permit Plaintiff to attend her medically necessary chemo therapy sessions following her surgery for uterine cancer in 2010.  Plaintiff claims that she was terminated as a result of her need for reasonable accommodations in violation of the Americans with Disability Act and the corresponding New York State Human Rights' laws concerning disability discrimination.  See Complaint, Exhibit A annexed herewith.

5.      One of the core disputed issues of this case is whether Plaintiff was terminated by Defendants or, as Defendants contend, Plaintiff resigned from her employment.  This issue was first raised in Defendants' Second Affirmative Defense, which asserts: "Plaintiff resigned her employment of her own volition on March 18, 2010 [sic]."  Exhibit F.  This appears to be Defendants' only viable defense at trial.

6.      In order to assist the jury in resolving this factual issue, Plaintiff seeks to offer

into evidence the finding of the New York State Department of Labor ("NYDOL") that Plaintiff was entitled to unemployment insurance benefits, as well as other official records from the NYDOL, which support Plaintiff's contention that she was terminated. Exhibits B through E.

7.     Under New York State law, a person may not receive unemployment insurance benefits if that person voluntary resigns his or her job without "good cause." NY CLS Labor § 593 ("No days of total unemployment shall be deemed to occur after a claimant's voluntary separation . . ."). See In re Claim of Gruber, 89 N.Y.2d 225, 228 (1996) ("claimants were disqualified from receiving benefits because they voluntarily separated from their last covered employment without good cause (*see,* Labor Law § 593 [1]). Thus, we reverse the determinations below that these claimants are entitled to unemployment benefits.").

Therefore, the finding of the New York State Department of Labor that Plaintiff was entitled to unemployment benefits, is probative in showing that Plaintiff was in fact terminated from her job without good cause, and did not voluntary resign.

POINT I

THE RECORDS KEPT BY THE NEW YORK STATE DEPARTMENT OF LABOR IN CONNECTION TO PLAINITIFF'S UNEMPLOYMENT ARE ADMISSBILE.

The Federal Rules of Evidence specifically permit government records, such as unemployment records kept by the New York State Department of Labor, to be admitted. FRE 803(8).  See United States v. Lavin, 480 F.2d 657 (2d Cir. 1973) (Holding that the trial court did not err in admitting Defendant's Selective Service file); Connecticut Light & Power Co. v. Federal Power Com., 557 F.2d 349 (2d Cir. 1977); Gentile v. County of Suffolk, 129 F.R.D. 435, 447 (E.D.N.Y 1990) ("Federal Rule of Evidence 803(8) excepts "public records and reports" from exclusion as evidence under the hearsay rule.") (citations omitted).

3

Here, Plaintiff' unemployment records are clearly relevant and probative on the issue of whether Plaintiff was terminated or resigned, and are excepted from the hearsay rule. Exhibits B through E.  FRE 803(8).  Therefore, Plaintiff's unemployment records should be admitted at trial. See United States v. Lavin, 480 F.2d 657 (2d Cir. 1973).

POINT II

THE FINDINGS AND REPORTS ISSUED BY THE NEW YORK STATE DEPARTMENT OF LABOR IN CONNECTION TO PLAINTIFF'S UNEMPLOYMENT ARE ADMISSIBLE

The Second Circuit has clearly articulated the standard for determining whether to admit governmental findings and reports:

> In order to fit within the purview of Rule 803(8)(C), the evidence must (1) contain factual findings, and (2) be based upon an investigation made pursuant to legal authority. Once a party has shown that a set of factual findings satisfies the minimum requirements of Rule 803(8)(C), the admissibility of such factual findings is presumed. The burden to show "a lack of trustworthiness" then shifts to the party opposing admission.

Bridgeway Corp. v. Citibank, 201 F.3d 134, 143 (2d Cir. 2000)

Federal Courts have often found the findings of government agencies to be admissible. See  Henry v. Daytop Village, 42 F.3d 89, 96 (2d Cir. 1994) ("Rule 803(8)(C) of the Federal Rules of Evidence, which permits the admission of "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." The sweep of this rule encompasses records of administrative proceedings); Chandler v. Roudebush, 425 U.S. 840 ("Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo. See Fed. Rule Evid. 803 (8)(c)."); Strauss v. Credit Lyonnais, S.A., 2013 U.S. Dist. LEXIS 28451, 100 (E.D.N.Y 2013) ("Hamas' responsibility for the March 7 and April 30 Attacks are supported by conclusions of

public Israeli government reports that are admissible as hearsay exceptions."); Gentile v. County of Suffolk, 129 F.R.D. 435, 448 (E.D.N.Y 1990):

> A wide variety of public documents have been admitted pursuant to Rule 803(8)(C). See, e.g., Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 109 S. Ct. 439, 102 L. Ed. 2d 445 (1988) (Navy report investigating and giving opinion on cause of air crash); Meriwether v. Coughlin, 879 F.2d 1037, 1039 (2d Cir. 1989) (SIC Report entitled "Corruption and Abuses in the Correctional System: The Green Haven Correctional Facility," concluding that there was widespread and institutionalized corruption among correctional staff); Bradford Trust Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 805 F.2d 49, 54-55 (2d Cir. 1986) (FBI reports prepared for related criminal action); In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (United States Treasury reports prepared under the Dumping Act, as well as findings of the Japanese Fair Trade Commission), rev'd on other grounds sub nom. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); Litton Systems, Inc. v. AT & T Co., 700 F.2d 785, 818 (2d Cir. 1983) (Federal Communications Commission decisions describing AT & T tariffs as "unnecessarily restrictive", unjust and discriminatory); Kehm v. Procter & Gamble Manufacturing Co., 724 F.2d 613, 617-620 (8th Cir. 1983) (epidemiological studies conducted by the Centers for Disease Control and various state health departments on the relationship between tampon use and incidence of toxic-shock syndrome); United States v. School District, 577 F.2d 1339, 1354-55 (6th Cir. 1978) (HEW finding that a school "had been established and maintained . . . . for segregatory purposes"); In re "Agent Orange" Product Liability Litigation, 611 F. Supp. 1223, 1239-41 (E.D.N.Y. 1985) (federal, state, and Australian government epidemiological studies), aff'd, 818 F.2d 187 (2d Cir. 1987), cert. denied, 487 U.S. 1234, 108 S. Ct. 2898, 101 L. Ed. 2d 932 (1988).

(citations omitted).

Likewise, federal courts, including the Southern District of New York, have held that New York state's unemployment compensation findings are admissible. Fitch v. R.J. Reynolds Tobacco Co., 675 F. Supp. 133, 136 (S.D.N.Y. 1987) (the finding that Plaintiff was entitled to unemployment insurance was admissible evidence); Barfield v. Orange County, 911 F.2d 644, 651 (11th Cir. 1990) ("We hold that the trial court did not abuse its discretion in admitting either the EEOC report or the Florida Unemployment Appeals Commission findings and conclusions").

In the instant case, the findings of the New York State Department of Labor that Plaintiff was entitled to unemployment benefits must be presumed to be admissible because they: "(1)

5

contain factual findings,  and (2) [because they are] based upon an investigation made pursuant to legal authority."  Bridgeway Corp. v. Citibank, 201 F.3d 134, 143 (2d Cir. 2000); Exhibits B, E.  Under New York Law, the Department of Labor has the legal authority and responsibility to review all unemployment benefit claims.  New York Labor Law § 597 ("The validity of the claim and the amount of benefits payable to the claimant shall be determined in accordance with the regulations and procedure established by the commissioner and, when such determination is issued by the commissioner, it shall be deemed the initial determination of the claim").

Here, Defendants challenged Plaintiff's claim for unemployment insurance benefits and the NYDOL, after investigating the claim, determined that Plaintiff was entitled to unemployment benefits which negates Defendants' contention that Plaintiff resigned from her employment.  Exhibits B through E.  Indeed, based on the evidence submitted by the parties, the NYDOL concluded that Plaintiff had been terminated.   Exhibit E.

Therefore, for the reasons articulated above, Plaintiff respectfully requests that the Court grant her motion *in limine* to admit at trial Exhibits B through E and Plaintiff's testimony that she received unemployment benefits.

Dated:  May 16, 2013
         Eastchester, New York

                              _/S_____
                              COSTANTINO FRAGALE